IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL F. ROBERT-URRUTIA, ET AL.,

Plaintiffs,

v.

INTERNATIONAL BUSINESS MACHINES CORP. (IBM),

Defendant.

**Civil No. 12-1912 (SEC)**

**OPINION AND ORDER**

The Court has reviewed plaintiffs' motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) (Docket # 24) and, after reviewing the filings and the applicable law, plaintiffs' motion is **GRANTED**.

**Factual and Procedural Background**

On November 2, 2012, Rafael F. Robert-Urrutia, his wife, and their conjugal partnership (collectively, Plaintiffs) filed a complaint against International Business Machines Corp. (Defendant), alleging discrimination and retaliation because of national origin under Title VII of the Civil Rights Act and the Constitution of the United States, as well as under the laws and the Constitution of the Commonwealth of Puerto Rico. On January 25, 2013, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and immediately after filed an answer to the complaint. Dockets # 18 and 19. Defendant requested the dismissal of all claims under the Constitutions of the United States and the Commonwealth of Puerto Rico, Puerto Rico Law 115, P.R. Laws Ann. tit. 29, § 194(a), and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. In response to Defendant's motion to dismiss, Plaintiffs filed a

**Civil No. 12-1912 (SEC)**

motion for voluntary dismissal of these causes of action. Docket # 24. Defendant did not oppose to Plaintiffs' request.

**Standard of Review**

Fed. R. Civ. P. 41(a)(2) provides that, after the defendant has answered the complaint or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. By requiring such approval, the First Circuit has explained, courts ensure that "'no other party will be prejudiced.'" Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). The court is responsible under the rule for exercising its discretion to ensure that such prejudice will not occur." Id.; see also Mateo v. Empire Gas Company, Inc., 287 F.R.D. 124 (D.P.R. 2012); Sánchez-Velázquez v. Municipality of Carolina, No. 11-1586, 2012 WL 541127 (D.P.R. Nov. 9, 2012). Finally, a voluntary dismissal under Rule 41(a)(2) is without prejudice unless the order states otherwise. FED. R. CIV. P. 41(a)(2).

In making a determination under a Rule 41(a)(2) motion, courts have to evaluate the following factors: (1) the effort and expense incurred by the defendant in preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. Doe, 216 F.3d at 160; see also Mateo, 287 F.R.D. at 124. Courts, however, "need not analyze each factor or limit their consideration to these factors." Id. ("The enumeration of the[se] factors . . . is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." Id. (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)). A district court abuses its discretion in granting a Rule 41(a)(2) motion only where the defendant would

**Civil No. 12-1912 (SEC)**

suffer "'[p]lain legal prejudice' as a result of a dismissal without prejudice". <u>Grover v. Eli Lilly & Co.</u>, 33 F.3d 716, 718 (6th Cir. 1994) (quoting <u>Cone v. West Virginia Pulp & Paper Co.</u>, 330 U.S. 212, 217 (1947)). "Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." <u>Leith</u>, 668 F.2d at 50.

**Applicable Law and Analysis**

The first factor that the Court must evaluate is the effort and expenses incurred by the defendants in preparation for trial. Up to the date when Plaintiffs filed the motion for voluntary dismissal, Defendant had filed only an answer to the complaint and a motion to dismiss. Also, at that stage, the Case Management Order was issued just several days before Plaintiffs' motion and thus the discovery proceedings were just commencing. Therefore, an analysis of this factor favors dismissal.

The second and fourth factors, which require an analysis of Plaintiff's diligence in prosecuting this action and of whether a motion for summary judgment had been filed, also favor the dismissal requested. A perusal of the docket reveals that Plaintiffs have been diligent in prosecuting this action, and that no motion for summary judgment has been filed.

Finally, with regard to the third factor -explanation for the need to take a dismissal- Plaintiffs allege that in light of the motion to dismiss filed, they analyzed and evaluated Defendant's arguments, and they agree that the dismissal of the three causes of action is appropriate in order to avoid unnecessary litigation procedures and expenses. This explanation seems adequate to this court. Moreover, Defendant did not oppose Plaintiffs' request for dismissal, and this course of action will avoid the wasteful use of this court's resources.

Therefore, a brief analysis of the four factors stated above leads this court to exercise its discretion to grant the motion. Plaintiffs' motion for voluntary dismissal is hereby **GRANTED**, and all claims against Defendant under the Constitution of the United States and the

**Civil No. 12-1912 (SEC)**

Commonwealth of Puerto Rico, Puerto Rico Law 115, and Article 1802 of the Puerto Rico Civil Code are hereby **DISMISSED without prejudice**.

        **IT IS SO ORDERED.**

    San Juan, Puerto Rico, this 7th day of June, 2013.

                                S/ *Salvador E. Casellas*
                                SALVADOR E. CASELLAS
                                U.S. Senior District Judge